Case 2:24-cv-00024   Document 34   Filed on 05/30/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
May 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GLENN EDWARD STEED, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:24-CV-00024 |
| § | |
| HB1 ALTERNATIVES HOLDINGS, LLC, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

# ORDER ADOPTING MEMORANDUM AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff's complaint (D.E. 1) for initial screening under 28 U.S.C. §1915(e)(2)(B). On March 8, 2024, United States Magistrate Judge Mitchel Neurock issued a "Memorandum and Recommendation of United States Magistrate Judge" (M&R, D.E. 7), recommending that Plaintiff's action be dismissed for failure to state a claim upon which relief may be granted or as frivolous. After obtaining an extension of his deadline for doing so, Plaintiff timely filed his objections (D.E. 9, 10) on April 3, 2024. On the same date, Plaintiff also filed an amended complaint (D.E. 11).

## STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general

1 / 10

objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).[1] As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

First, Plaintiff objects that the Magistrate Judge did not note two dates: (a) the date on which he alleges Defendants forfeited their lien by failing to pay insurance benefits or repair the property subject to the home equity lien that was foreclosed in this case; and (b) the date of the original mortgagor's death, resulting in the title to the property being vested in her heirs and, ultimately, in Plaintiff's sole name. D.E. 9, pp. 1-2. Nothing in the timing of the events underlying Plaintiff's claims is dispositive under the analysis of the M&R. The objection is **OVERRULED** as moot.

Second, Plaintiff objects that the M&R does not give any force or effect to state court orders from which he quoted. D.E. 9, pp. 2-7; D.E. 10, pp. 9-16. According to the quoted language, the orders at issue appear to be from one or more temporary restraining

---

[1] *See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (discussing pro se petitioner's objections to M&R) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Jones v. Hamidullah*, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a pro se petitioner's M&R objections were "on the whole . . . without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [M&R]."). In explaining the policy supporting this rule, the Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

orders or temporary injunctions. He appears to claim that Defendants failed to appear as the state court ordered and that this default establishes his claim that their conduct in this case is an effort to collect an unlawful debt. That is because the lien is void and the debt is forfeited under the home equity loan provisions of the Texas constitution. He argues that this supports a finding of the elements of a conspiracy. D.E 9, p. 6 (citing the M&R, D.E. 7, p. 4 n.2 (in which the Magistrate Judge took judicial notice of state court proceedings)).

It is not for this Court to determine (particularly on this limited record) whether a party to a state court case appeared as ordered or that any state court remedy was appropriate under the circumstances of that case. Even assuming for purposes of argument that Plaintiff is correct that Defendants' conduct at that time rendered the debt unenforceable, nothing in this recitation suggests error in the M&R's analysis of what is meant by an "unlawful debt" under the Racketeering Influenced and Corrupt Organizations Act (RICO). The objection is **OVERRULED**.

Third, Plaintiff argues that the M&R incorrectly treats the RICO claims as a jurisdictional matter when they should be treated as disputed facts to be submitted to the jury under RICO's broad remedial purpose. Part of his argument is that he has not been afforded a liberal construction of his pleadings, as is required for pro se plaintiffs. D.E. 9, pp. 6-7, D.E. 10, p. 2. Plaintiff has conflated two separate issues: federal question jurisdiction and the pleading standards.

This Court has—and is exercising—federal question jurisdiction because Plaintiff has attempted to plead a RICO (federal question) claim. However, the claim fails on its merits because plaintiff has not pled a plausible claim under the relevant standards. The pleadings must be factually sufficient to allege the elements of the claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Conclusory allegations, with factual assertions that do not fit the elements of the claim, are insufficient to prosecute a claim in federal court, much less suffice to require submission to a jury (which requires sufficient evidence to raise a disputed issue of material fact). Plaintiff's objection does not address the factual nature of the RICO elements as defined by the statute and construed by the Magistrate Judge. Nor does he demonstrate error in the Magistrate Judge's analysis of the legal import of the elements. The Magistrate Judge liberally construed his pleadings and properly exercised jurisdiction.[2] The objection is **OVERRULED**.

Fourth, Plaintiff appears to argue that, because he has been harmed, he must be entitled to a remedy regardless of whether the facts strictly fit within RICO expectations regarding the nature of the evidence of a conspiracy. He suggests that he has alleged sufficient facts if his pleading is construed liberally as required for a plaintiff representing himself pro se. D.E. 9, pp. 7-8. The M&R's analysis demonstrates that the Magistrate Judge afforded Plaintiff his right to a liberal construction of his pleadings. However, the facts he has alleged fall short of those required for a RICO claim. Plaintiff has failed to

---

[2] The Court's discretionary exercise of supplemental jurisdiction over state law claims is a separate issue.

demonstrate with authority that the Magistrate Judge's reading of the facts is unduly strict. The objection is **OVERRULED**.

Fifth, Plaintiff objects to dismissal, stating that his amended complaint should be accepted and read to satisfy the pleading requirements for his RICO claims. D.E. 9, p. 8. He does not detail what changes he has made or how those changes cure the defect in his prior complaint. The Court has reviewed the amended complaint and finds that Plaintiff has not cured the pleading defects with respect to RICO.

Plaintiff's attempt to add a Real Estate Settlement Procedures Act of 1974 (RESPA) claim under 12 U.S.C. § 2601, *et seq.* is misguided. RESPA is designed to regulate settlement disclosures and practices involved in real estate transactions. *Id.*, § 2601(b). In particular, RESPA states, "Nothing in this chapter shall affect the validity or enforceability of any sale or contract for the sale of real property or any loan, loan agreement, mortgage, or lien made or arising in connection with a federally related mortgage loan." *Id.*, § 2615. Given that Plaintiff is seeking to defeat the enforceability of the loan, RESPA is inapplicable.

Plaintiff has failed to satisfy the requirements of stating a claim under either RICO or RESPA in his amended complaint, as necessary to proceed with prosecution of such claims. The objection to dismissal under the amended complaint is **OVERRULED**.

Sixth, Plaintiff objects that the Magistrate Judge's recommendation of dismissal imposes a fiction on the Court's jurisdiction and bypasses the necessity to submit the case on the facts to a jury. D.E. 10, pp. 2-3. This argument is largely based on the opinion in

*Insurance Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). That opinion's reference to a fiction was the use of Federal Rule of Civil Procedure 37, imposing sanctions for discovery abuse, to supply subject-matter jurisdiction. The Court differentiated subject matter jurisdiction from personal jurisdiction, stating that only the latter can be satisfied by conduct amounting to a waiver of the objection to jurisdiction.

Nothing in Plaintiff's briefing eliminates the power and duty of the Magistrate Judge and this Court to conclude that the fact pleadings are insufficient to show the plausibility of the elements of the claim. And this is not a jurisdictional issue. This case is not aligned with *Insurance Corporation of Ireland* because there is no issue of imposing a fiction to defeat an objection to lack of personal jurisdiction. The objection is **OVERRULED**.

Seventh, Plaintiff objects that a dismissal for lack of jurisdiction is inconsistent with the loan documents, which recite that they are subject to federal law and the law of the jurisdiction in which the property is located. D.E. 10, p. 3. For clarification:

- The Magistrate Judge's recommendation to dismiss the RICO claim is not for lack of jurisdiction. It is for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6);
- The Magistrate Judge recommends dismissal of the request for declaratory relief under the federal Declaratory Judgments Act for failure to state a federal claim that falls within its scope.

- The Magistrate Judge recommends dismissing the remaining state law claims as a discretionary matter because, without the federal claims, the Court need not preside over state law claims.

D.E. 7.

That said, a choice of law provision in a contract does not mandate federal subject matter jurisdiction. *See generally*, *Ins. Corp. of Ir.*, 456 U.S. at 701 (subject matter jurisdiction cannot be conferred by waiver or agreement). And this choice of law provision includes state law of the state in which the property is located. Therefore, nothing about the choice of law provision legally or factually supports proceeding with a federal claim that has failed on its merits and state law claims that are subject to the Court's discretionary exercise of jurisdiction.

Moreover, Plaintiff's claim is not a contract claim. It is a RICO claim. The contract does not govern the RICO claim in any event. The statute does. The objection is **OVERRULED**.

Eighth, Plaintiff writes that "[RICO §] 1964(c) is a remedial provision allowable under a private cause of action, and is not alleged as subject-matter jurisdiction." D.E. 10, p. 3. It is not clear whether Plaintiff is trying to state an objection with this assertion. However, § 1964 is the part of RICO, a federal statute, which provides for civil remedies that can be awarded by a federal court under its federal question subject-matter jurisdiction. It appears that Plaintiff agrees with this proposition. D.E. 10, p. 4.

Where there is disagreement is in his following briefing that speaks to the duty to liberally construe the RICO statute. D.E. 10, pp. 4-5. Nothing in the requirement to

construe RICO liberally allows the Court to overlook a wholesale failure of Plaintiff's pleading to address the necessary elements of the claim on its merits. Absent sufficient factual allegations to support the elements of a RICO claim, the remedies provision has no independent significance, however liberally it may be construed. Any objection stated in Plaintiff's briefing is **OVERRULED**, whether complaining of (a) the Magistrate Judge's inclusion of a reference to § 1964(c) in his recitation of Plaintiff's effort to bring a claim within the Court's federal question subject-matter jurisdiction, or (b) the manner in which the M&R construes RICO's requirements.

Ninth, Plaintiff objects to the M&R's treatment of the definition of an "unlawful debt." D.E. 10, pp. 6-8. He argues that the definition of the *noun* provided in RICO does not limit the *activity* of trying to collect an unlawful debt, which should be liberally construed to include the attempt to collect *any* debt that is not lawfully payable. Plaintiff's argument would convert any breach of contract action addressing a loan transaction into a racketeering claim. This is contrary to the statute's stated purpose and its definitions, which clearly limit debt issues within its scope to matters of illegal gambling and usury. The objection is **OVERRULED**.

Tenth, Plaintiff objects to the Magistrate Judge's conclusion that this action does not fall under the Court's diversity jurisdiction. D.E. 10, p. 8. In this regard, Plaintiff notes domiciles of five (5) of approximately twelve (12) defendants being in states other than Texas. This selectively overlooks that he has sued individual and corporate defendants with Texas addresses. And diversity jurisdiction is destroyed by Texas citizenship facts for one

or more defendants.  28 U.S.C. § 1332(a)(1).  Plaintiff does not affirmatively demonstrate that all defendants are citizens only of states other than his home state of Texas.  Consequently, he has not demonstrated error in the M&R's assessment of diversity jurisdiction and the objection is **OVERRULED**.

Eleventh, Plaintiff objects that the Magistrate Judge has misunderstood material facts.  D.E. 10, pp. 12-16.  He then recites the facts whereby the hurricane damage to the home that is the subject of the reverse mortgage home equity loan was not repaired by insurance that was in place for that purpose.  As the M&R reasoned, these facts—even if true—are not sufficient to state a RICO claim.  Nor does Plaintiff state a claim under any other federal law that would support federal question jurisdiction.  If the facts are sufficient to state a claim under Texas law, Plaintiff remains free to assert them in a Texas state court.  The objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Specifically with respect to the recommendation that Plaintiff be given an opportunity to amend, the Court notes that Plaintiff filed an amended complaint after the issuance of the M&R and before this Order and that the Court has considered the amended complaint.

Consequently, the recommendation is deemed adopted and the Court has found that the amended complaint did not cure the defects in his complaint. Accordingly, Plaintiff's action is **DISMISSED WITH PREJUDICE**.

**ORDERED** on May 30, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE